UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE BURCHI,

    Plaintiff,

v.                                          Case No. 04-73254

ING USA ANNUITY AND LIFE          Honorable Patrick J. Duggan
INSURANCE COMPANY, a corporation,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 19, 2005

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On August 23, 2004, Plaintiff Dante Burchi filed suit against Defendant ING USA Annuity and Life Insurance Company in this Court. Plaintiff's Complaint alleges that Defendant engaged in age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, and the Michigan Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS ANN. § 37.2202. On May 20, 2005, Defendant ING filed its Motion for Summary Judgment. In an Order dated July 7, 2005, this Court denied Defendant's Motion for Summary Judgment. At a hearing held on July 7, 2005, the Court found that there was a genuine issue of fact as to whether Defendant's proffered reason for

terminating Plaintiff–that Plaintiff had allegedly violated a "No Retail Activities" (NRA) policy–was pretext for age discrimination. Specifically, the Court stated: "it's best for the jury to look at this in the totality of the evidence to determine whether or not [the NRA policy] was really a policy intended to preclude the kind of communication Plaintiff had." (Tr. at 34-35). Presently before the Court is Defendant's Motion for Reconsideration, filed on July 22, 2005, asking the Court to reconsider its July 7, 2005 Order and grant summary judgment in favor of Defendant.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Defendant contends that the Court's ruling that its NRA policy may be subject to different interpretations is a palpable defect because Defendant's decision to terminate Plaintiff based on the NRA policy, whether right or wrong, was a business judgment. (Mot.

at 4-8). However, in *Wexler v. White Fine Furniture*, 317 F.3d 564 (6th Cir. 2003), the Sixth Circuit Court of Appeals held that "[a]n employer's business judgment is not an absolute defense to unlawful discrimination." *Id.* at 576. The Court went on to note that "the reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." *Id.*

In this case, the Court found that a genuine issue of fact remains as to whether the intent of the NRA policy was to prohibit the type of communication that Plaintiff had or to prohibit interfering with sales. (*See* Tr. at 35). The Court believes that this issue, which goes to the reasonableness of Defendant's decision to terminate Plaintiff based on the NRA policy, sheds light on whether Defendant's proffered reason for terminating Plaintiff's employment was its actual motivation or mere pretext. Therefore, because Defendant has not alleged any "palpable defect by which the court and the parties have been misled," E.D. MICH. L.R. 7.1(g)(3), Defendant has failed to state a ground for reconsideration.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Cary S. McGehee, Esq.
Eric J. Pelton, Esq.